María E. Brunet et al., Petitioners, *v.* District Court of Mayagüez, Respondent.

No. 939. Argued November 27, 1933.—Decided December 13, 1933.

*Virgilio Brunet* for petitioners. *Pascasio Fajardo* for plaintiff in the main action.

Mʀ. Jᴜsᴛɪᴄᴇ Cóʀᴅᴏᴠᴀ Dáᴠɪʟᴀ delivered the opinion of the Court.

José Nine brought, in the Municipal Court of Mayagüez, an action of unlawful detainer against María Brunet and José Avilés, praying that the defendants be evicted from an urban property which he acquired on July 13, 1932. The action brought is based on a verbal contract of lease entered into with petitioners herein, as claimed by the plaintiff, and it was alleged that the defendants had refused to pay the agreed rentals, notwithstanding the same had become due and the payment thereof had been demanded. The defendants denied the oral contract relied on by plaintiff and on the contrary alleged that their minor children Jesús María Avilés Brunet and José Avilés Brunet were the sole owners with full dominion title of the house the object of the unlawful detainer proceeding, and which was possessed and occupied by said minors, together with their legitimate parents, the present petitioners María E. Brunet and José Avilés. They also set up that this property was acquired by the minors by gift from Maximino Brunet on April 11, 1930, as it appears from a deed executed before a notary in Mayagüez.

The municipal court rendered judgment dismissing the complaint. Plaintiff appealed and at a trial *de novo* before the District Court of Mayagüez, on motion of the plaintiff, all the allegations and special defenses set up by petitioners were stricken out, with the exception of that part where the defendants denied the existence of the contract of lease. As a result of this elimination, the court was precluded from considering the donation deed executed in favor of the minors and which the defendants offered in evidence in support of the allegations which were stricken out from the answer. Thereupon the defendants applied to this court for a writ of certiorari to review the proceedings had before the District Court of Mayagüez, and as a ground for their petition they urge that the lower court erred in striking out all that part of the answer in the action of unlawful detainer wherein the defendants allege that the true owners of the property are their minor sons, Jesús María Avilés Brunet and José Luis Avilés Brunet, and that said defendants have been occupying and still occupy said property, because they are the legitimate parents of said minors, who became the owners of the property more than two years before the plaintiff had unlawfully acquired the same.

Section 9 of the Unlawful Detainer Act provides that when the complaint is founded upon the nonpayment of the rental or price stipulated in the contract, the defendant shall not be allowed to submit any proof except the receipt or some other document showing that the payment has been made. The proofs of both parties shall include the fundamental facts in regard to the principal question at issue. These provisions are not applicable to the instant case, where the defendants deny having entered into any contract of lease with the plaintiff and on the contrary allege that the minors have been and still are in possession of the house the object of the action brought, together with their legitimate parents, the present petitioners, María Brunet and José Avilés. As may be seen, defendants claim a title by virtue

whereof they are in possession of the property, and they should not be deprived of their right to prove this allegation and that their possession is not based on any contract, but on a title. Of course, plaintiff's rights should not be subject to be defeated by a mere claim of title which is not supported by the evidence; but if after all the evidence is submitted a real and effective conflict of title is established *prima facie*, this conflict must be decided in the proper plenary suit and not in the special, speedy, and summary proceeding of unlawful detainer.

In the case of *Mas et al.* v. *Borinquen Sugar Co.*, 18 P.R.R. 299, 306, 307, it was said:

"We are inclined to agree with the appellant that a similar law in the United States which would limit defenses, in cases of actions for nonpayment, to the offering in proof of a receipt or other document evidencing payment would not be due process of law. It is unnecessary to discuss any constitutional question in this case because we do not think that the Legislature intended so to limit the right. To hold otherwise would enable a landlord, either by refusing to accept rent when it is due or by bringing a suit prematurely, to cut off defenses and so bring a lease to an abrupt and arbitrary end and destroy existing contracts. A stranger might obtain possession of another person's property by the mere averments of ownership, letting and nonpayment, and the tenant could deny neither the letting nor the ownership. Where the words of a statute taken literally would lead to such absurd and possibly unconstitutional results it becomes the duty of the court to determine, by any other means in its power, what was meant by the Legislature. *Holy Trinity Church* v. *United States*, 143 U. S., 457; *Oates* v. *National Bank*, 100 U. S., 239; *Interstate Drainage & Investment Co.* v. *Board of Commissioners of Freeborn Co., Minn.*, 158 Fed., 270.

"We think the words of said section here must be limited to cases where the defendant joins issue on the nonpayment and relies on the fact of payment. This would seem to follow partially from the words 'showing that the payment has been made.' There would be no object in trying to prove payment where the defense was, for example, that the rent was not due, or there was an estoppel, or that defendant had been solemnly released. The section goes on to say: 'The proofs of both parties shall include the fundamental facts in

regard to the principal question at issue.' Where the principal defense is something other than payment, the fundamental facts to be proved could very well be neither a receipt nor a document showing payment."

Plaintiff maintains that in view of the circumstances perhaps it would have been proper for defendants' minor children to have filed a complaint in intervention with leave of court, claiming to be the owners of the property in question, but that the defendants can not set up any defense pertaining to a third person and thus controvert the right of a plaintiff to dispossess anyone having no title in his favor to the property. We agree that the minors could have presented a complaint in intervention in this case in order to directly defend their rights. The father, however, who has the *patria potestas* over his children, maintains that he is in possession of the property jointly with his children, who are the legitimate owners thereof. According to section 155 of the Civil Code, any property which the unemancipated son has acquired or may acquire by his work or industry, or for any valuable consideration shall belong to him, subject to the ususfructuary interests of the parents to whose authority such child may be subject and in whose company he may be living. It is alleged in the answer that the children live in the house together with their parents. So that Avilés, in setting up the ownership of the property in favor of his children, appears also in his own right, defending the possession from which he derives the usufruct to which he is entitled over the property of his children living under his *patria potestas* and in his company. The allegations of the complaint were improperly stricken out, and as defendants were not permitted to allege and prove the defenses set up by them, the judgment rendered must be set aside.